UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YAVOR IVANOV,　　　　　　　　　　　　　　　No.: 1:19-cv-7535

　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT AND DEMAND**
　　　　　　　　　　　　　　　　　　　　　　　　**FOR JURY TRIAL**
　　　-against-

MICHAEL CETTA, INC. d/b/a
SPARKS STEAK HOUSE,

　　　　　　　　Defendant.
------------------------------------------------------------------X

　　Plaintiff, YAVOR IVANOV, by and through his attorneys, MARK DAVID SHIRIAN, P.C., complaining of the Defendant, respectfully alleges as follows:

　　1. This firm, MARK DAVID SHIRIAN P.C., represents Plaintiff YAVOR IVANOV (hereinafter "Plaintiff" or "IVANOV") in connection with his claims against his former employer, Defendant MICHAEL CETTA, INC. d/b/a SPARKS STEAK HOUSE (hereinafter referred to as "Sparks Steakhouse" or "Defendant"), for religious discrimination, sexual orientation discrimination, hostile work environment, retaliation and constructive discharge pursuant to Title VII of the Civil Rights Act, pursuant to New York State Human Rights Law, New York Executive Law 290 *et seq.*, N.Y. Exec. L 296 *et seq* and New York City Admin. Cod. §8-107, et seq.

## JURISDICTION AND VENUE

　　2. This court has original federal question jurisdiction under 28 U.S.C. 1331 and 1343 because this case is brought for religious discrimination, sexual orientation discrimination, hostile work environment, retaliation, and constructive discharge, under Title VII of the Civil Rights Act, and other unlawful conduct. This Court has supplemental jurisdiction over Plaintiff's New York

State Human Rights Law ("NYSHRL"), New York Executive Law 290 *et seq.*, N.Y. Exec. L 296 *et seq.* and New York City Admin. Cod. §8-107 ("NYCHRL") claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. 1391(b), because the claims arose in this judicial district and the Defendant are doing business in this District.

## PROCEDURAL BACKGROUND

4. In or around May 2018, Plaintiff filed a preliminary Charge against defendant MICHAEL CETTA, INC. d/b/a SPARKS STEAKHOUSE with the Equal Opportunity Commission ("EEOC") for violations under Title VII of the Civil Rights Act of 1964. He was assigned EEOC Charge No. 520-2018-05380.

5. On or about May 14, 2019, the EEOC issued a "Notice of Right to Sue" to Plaintiff IVANOV advising his of his right to file a civil action against defendant MICHAEL CETTA, INC. d/b/a SPARKS STEAKHOUSE within 90 days of his receipt of the notice.

6. This lawsuit has been timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

7. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8. Mr. Yavor Ivanov is a 33-year-old homosexual male who does not practice Islam. Mr. Ivanov resides in Bronx County, City and State of New York, with his husband of five years.

2

9. At all relevant times, Plaintiff IVANOV met the definitions of an "employee" under all applicable statutes.

10. Michael Cetta, Inc. d/b/a Sparks Steak House, Inc. ("Sparks") is an upscale steakhouse restaurant located at 210 East 46th Street in Midtown Manhattan, New York City. Sparks is an employer of Mr. Ivanov at all relevant times to this action. The owner of Sparks is Steve Cetta, who was also one of Mr. Ivanov' supervisors.

11. That at all times herein mentioned, Defendant MICHAEL CETTA, INC. was plaintiff's employer and employs in excess of 15 employees.

12. At all relevant times, Defendant MICHAEL CETTA, INC. has met the definition of an "employer" under all applicable statutes.

## BACKGROUND FACTS

13. For too long, MICHAEL CETTA, INC., d/b/a SPARKS STEAK HOUSE, INC. has had issues with how it responds to harassment allegations by Sparks Steakhouse employees.

14. The EEOC previously brought an action against Micheal Cetta Inc. d/b/a Sparks Steak House for harassment of its male employees.[1] In addition to paying the $600,000 in damages to be distributed among the victims, the restaurant must prohibit further sexual harassment and retaliation. The settlement also requires the restaurant to: 1) establish a complaint hotline for reporting incidents of discrimination; 2) distribute an amended policy prohibiting sexual harassment and retaliation to all employees; 3) conduct anti-discrimination training for employees;

---

[1] *EEOC v. Micheal Cetta Inc. d/b/a Sparks Steak House*, Civil Action No. 1:09-cv-10601

4) post a public notice about the settlement; and 5) report all sexual harassment and/or retaliation complaints to the EEOC.

15. Upon information and belief, Sparks has not complied with the aforementioned settlement in the following way,: Sparks did not report all sexual harassment and/or retaliation complaints to the EEOC; and Sparks did not post a public notice about the settlement. Sparks may be violating this settlement agreement in other ways that are not presently known to Plaintiff.

**FACTS**

16. In or around December 2014, Mr. Ivanov was hired by Sparks as a waiter. At all times relevant to this action, Mr. Ivanov exclusively utilized Sparks equipment. Sparks also maintained records of hours and directly supervised Mr. Ivanov on a daily basis

17. In the course of performing the duties of his position, Sparks has engaged in unlawful employment practices in violation of Title VII, including subjecting Mr. Ivanov to endure a hostile work environment because of his sexual orientation, which was severe and pervasive and altered his working conditions.

18. The acts of sexual orientation harassment and discrimination forming the basis of this complaint began in December 2014 and continued through June 2018.

19. It is our position that Sparks discriminated against Mr. Ivanov, a gay man, by subjecting him to a hostile work environment because of his sexual orientation and nonconformity with stereotypical male gender norms in violation of Title VII. Specifically, Mr. Ivanov was repeatedly subjected to offensive and belittling comments by coworkers about his sexual orientation, appearance, and nonconformity with stereotypical male gender norms.

20. The acts of discrimination forming the basis of this complaint began in early December 2014, the first month of Mr. Ivanov's employment and continued throughout June 2018. Mr. Ivanov was the victim of uninitiated, unprovoked, and harassing comments other employees.

21. In February 2015, Mr. Ivanov complained to Susan Edelstein (Sparks' Human Resources Consultant) about the harassment that he endured, but she did not do anything and told Mr. Ivanov that he is an adult and that "we should learn how to cope with each other."

<u>Comments about Plaintiff's exual orientation:</u>

22. From 2016 through 2018, Sparks employees made the following disparaging comments to Mr. Ivanov:

   a. Sayed, a former head sever, became a Sparks manager and attempted to fire Mr. Ivanov a week after he was hired upon finding out that Mr. Ivanov is gay. Sayed argued with Mr. Ivanov because Plaintiff was gay and fired him because of his facial hair. However, the General Manager of Sparks at the time, Walter (last name unknown), re-hired Mr. Ivanov and said that Sayed used Mr. Ivanov's facial hair as an excuse to fire him. Sayed tried to influence management to fire Mr. Ivanov because of his sexual orientation and continues to have the ear of owner Steve Cetta.

   b. Majid Alami ("Mr. Alami") , a Moroccan waiter of Islamic faith bullied Mr. Ivanov for being gay, by calling Mr. Ivanov "a fucking faggot" and threatened that he would "kill him outside." Mr. Ivanov complained to Susan (last name unknown), Human Resources Director at Sparks, but Mr. Alami was not disciplined in any way. Instead, the staff was forced to watch a harassment video. However, the actions of the Sparks employees towards Plaintiff did not change;

    c. Mr. Ivanov was called a faggot by the following waiters: Majid Alami, Halil, Rachid, Jimmy, Osquitar and Annas;

    d. On a nearly daily basis, Mr. Armando (last name unknown), a chef employed by Sparks, made fun of Mr. Ivanov and called him "sweetie" in a condescending tone, and Mr. Ivanov would ask him to stop. Armando then responded that he is a man and then proceeded to ask Mr. Ivanov what he is;

    e. Sayed has made comments about Mr. Ivanov's sexuality in Arabic; and

    f. Mr. Alami called Plaintiff "Big Bird";[2]

23. From 2017 – 2018, on an almost daily basis, Ruben, a waiter, would talk about sex in front of Mr. Ivanov and told him that he would break him and rip his ass open.

24. From 2017 – 2018, on an almost daily basis, Osquitar, a waiter, called Mr. Ivanov a girl, and asked him the following: "how do you like it?", and "where do you take it?" and "of course you take it."

25. From 2017 – 2018, Iber, a waiter, asked Mr. Ivanov if he "got some last night?" and if he has a "new boyfriend?".

26. The repetition of these and other unsolicited comments about Mr. Ivanov's sexuality by Sayed, Majid Alami and other employees created a discomfort for Mr. Ivanov in the work environment.

---

[2] According to Urban Dictionary, "Big Bird" can mean "a big.. yellow homosexual bird from (Sesame Street)." https://www.urbandictionary.com/define.php?term=big%20bird

6

27. Additionally, Mr. Ivanov made multiple complaints about this harassment but Sparks failed to take action to stop the harassment after Mr. Ivanov complained.

28. Specifically, in or around 2016, 2017 and 2018, Mr. Ivanov complained about the harassment but Sparks failed to take any corrective action. Ricardo, Mr. Ivanov's supervisor, repeatedly witnessed the comments being made to Mr. Ivanov and laughed about it and walked away. In retaliation, Sayed and Ricardo, Mr. Ivanov's supervisors, overworked Mr. Ivanov by over-seating his shifts.

29. In the course of performing the duties of his position, Sparks also engaged in unlawful employment practices in violation of Title VII, and New York City and New York State laws, including subjecting Mr. Ivanov to endure religious discrimination and a hostile work environment, which was severe and pervasive and altered his working conditions.

30. Specifically, while Mr. Ivanov was overworked with many tables, the waiters of Islamic faith took prolonged breaks and the sections assigned to them would be empty. Specifically, the waiters who practice Islam took breaks on Ramadan for an hour each day for a month. However, the waiters who were friendly with management would not get seated as much, so the Islamic waiters in essence worked less but still shared the same amount in tips because of a pool system where the waiters would evenly split the tips for each night.

31. In the Spring of 2018, Mr. Ivanov wanted to wear black sneakers. Several other heterosexual male employees were already permitted to wear black sneakers for six months prior. However, Mr. Ivanov was mandated by a pediatrist to wear all black sneakers. However, Mr. Ivanov was told by Sayed that he was not permitted, even though other workers by the names of Hugo, Hector, Hali and Sadik, all heterosexual males, were permitted to wear black sneakers.

32. Mr. Ivanov received a letter purportedly written by Salesh, a Sparks manager, informing Mr. Ivanov that he was prohibited from wearing black sneakers. However, Mr. Ivanov believes that the letter was drafted by Sayed. Mr. Ivanov believes that he was the only male employee to receive a letter about his sneakers, and that none of the heterosexual male workers ever received such a letter.

33. On or about June 14, 2018, Ricardo laughed about Mr. Ivanov's request to wear sneakers, and said that Mr. Ivanov would never wear these shoes in Sparks and embarrassed Mr. Ivanov in front of fellow waiters Anaas and Osquitar.

34. Mr. Ivanov felt dizzy from the insult and experience a severe blood pressure uptick that lead to an anxiety and panic attack as a result of the overall harassment and discrimination he had endured. Mr. Ivanov had to call his own ambulance while Sayed was on the phone with Human Resources. Mr. Ivanov was not accompanied to the ambulance and hospital by any Sparks personnel or manager, which upon information and belief, was contrary to Sparks protocol.

35. Mr. Ivanov has been taking anti-anxiety medication and blood pressure medication for his panic attacks.

36. Since June 2018, Sparks threatened to discontinue Mr. Ivanov's health insurance and refused to give him vacation pay, as Sparks offered such vacation pay to other employees and Mr. Ivanov previously.

37. Mr. Ivanov also asked Sparks to extend his vacation and Sparks refused and requested medical paperwork. However, other employees were allowed extended vacation without medical paperwork or documentation.

38. On or about October 23, 2018, Plaintiff constructively discharged himself from his employment with Sparks Steakhouse as a result of the hostile work environment that Plaintiff endured,

39. Mr. Ivanov believes that Sparks engaged in discriminatory conduct by failing to respond adequately to his complaints of harassment based on his sexual orientation. Mr. Ivanov also believes that he was discriminated against because of his religious beliefs.

**FIRST CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**
**SEX DISCRIMINATION AND HARASSMENT IN VIOLATION OF**
**TITLE VII OFTHE CIVIL RIGHTS ACT OF 1964**
**(Brought against Defendant MICHAEL CETTA, INC.)**

40. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

41. Plaintiff is a homosexual male whose sexual orientation is not consistent with the Defendant MICHAEL CETTA, INC.'s perception of acceptable gender roles.

42. Upon learning and observing that Plaintiff was a homosexual male, the Defendant MICHAEL CETTA, INC. subjected him to harsh and discriminatory working conditions

43. Plaintiff alleges that Defendant MICHAEL CETTA, INC. through its agents engaged in a pattern and practice of discrimination against him and sexually stereotyped him during his employment on the basis of his sexual orientation with respect to the terms, conditions and privileges of his employment in violation of Title VII.

44. As part of its pattern and practice of employment discrimination, Defendant MICHAEL CETTA, INC. through its agents subjected Plaintiff to sex discrimination and failed to take corrective action.

45. Defendant MICHAEL CETTA, INC. knew or should have known about the sex discrimination in the workplace.

46. Defendant MICHAEL CETTA, INC. failed and refused to take appropriate action to end the sex discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

47. This disparate treatment was motivated by the fact that Plaintiff's status as a homosexual male did not conform to the Defendant's gender stereotypes associated with women.

48. Neither sex nor compliance with perceived sexual stereotypes is an occupational qualification for Plaintiff's job with Defendant.

49. For the reasons set forth in this Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

50. Defendant MICHAEL CETTA, INC.'s actions were motivated by malice and reckless disregard for Plaintiff's rights under the law.

51. That as a result of the discriminatory acts of Defendant MICHAEL CETTA, INC. through its agents, Plaintiff suffered emotional distress.

52. Defendant MICHAEL CETTA, INC.'s discrimination against Plaintiff IVANOV was committed with reckless and callous disregard of his Title VII right to a workplace free from discrimination based on sex.

53. As a result of Defendant MICHAEL CETTA, INC.'s unlawful conduct, Plaintiff IVANOV is entitled to compensatory damages, punitive damages, pre- and post-judgment interest,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Brought against Defendant MICHAEL CETTA, INC.)

54. Plaintiff repeats and incorporate by reference the allegations stated above as if they were set forth in full herein.

55. Defendant MICHAEL CETTA, INC. engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), when Plaintiff's supervisors overworked him, in retaliation after he complained repeatedly about the harassment he endured because of his sexual orientation.

56. Plaintiff alleges that Defendant MICHAEL CETTA, INC., through its agents engaged in retaliation against Plaintiff as a result of Plaintiff's complaints.

57. The practices complained of above have deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his sexual orientation and disability.

58. The unlawful employment practices complained of above were intentional.

59. The unlawful employment practices complained of above were, and are, done with malice or with reckless indifference to the federally protected rights of Plaintiff.

60. That as a result of the discriminatory acts of Defendant MICHAEL CETTA, INC. through its agents, Plaintiff suffered emotional distress.

### THIRD CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Brought against Defendant MICHAEL CETTA, INC.)

61. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

62. Plaintiff alleges that Defendant MICHAEL CETTA, INC., through its agents and employees created and condoned a hostile work environment against Plaintiff by treating him differently than heterosexual male employees and humiliating and embarrassing him because of his sexual orientation.

63. In violation of Title VII, Defendant MICHAEL CETTA, INC. discriminated against Plaintiff IVANOV on the basis of sex by subjecting him to a hostile work environment that was severe and pervasive enough to affect the terms and conditions of his employment.

64. That as a result of the discriminatory acts of Defendant MICHAEL CETTA, INC., through its agents and employees, Plaintiff suffered emotional distress.

### FOURTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT
### IN VIOLATION OF NEW YORK CITY
### NYC ADMIN. COD. § 8-107
### (Brought against Defendant MICHAEL CETTA, INC.)

65. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

66. Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code § 8-107, in that Defendant discriminated against Plaintiff on the basis of sex

by treating him differently than other heterosexual male employees and by subjecting him to a hostile work environment because of his sexual orientation.

67. The Defendant's discrimination against Plaintiff was committed with reckless and callous disregard of his right to a workplace free from discrimination based on sex.

68. As a result of the Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
HOSTILE WORK ENVIRONMENT IN VIOLATION OF
NYC ADMIN. COD. § 8-107
(Brought against Defendant MICHAEL CETTA, INC.)**

69. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

70. Plaintiff alleges that Defendant MICHAEL CETTA, INC., through its agents and employees created and condoned a hostile work environment against Plaintiff by humiliating and embarrassing him because of his sexual orientation.

71. In violation of NYC Admin. Cod. § 8-107, Defendant MICHAEL CETTA, INC. discriminated against Plaintiff IVANOV on the basis of sex and religion by subjecting him to a hostile work environment that was severe and pervasive enough to affect the terms and conditions of his employment.

72. That as a result of the discriminatory acts of Defendant MICHAEL CETTA, INC., through its agents and employees, Plaintiff suffered emotional distress.

**SIXTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**
**RETALIATION  IN VIOLATION OF**
**NYC ADMIN. COD. §8-107(7)**
**(Brought against Defendant MICHAEL CETTA, INC.)**

73. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

74. Plaintiff alleges that the foregoing actions by Defendant violates the New York City Administrative Code § 8-107(7) in that Defendant retaliated against Plaintiff, who opposed discriminatory practices and harassment by making complaints to Human Resources, by taking actions against Plaintiff that would deter a reasonable person from engaging in protected activity.

75. As a result of Defendant' unlawful conduct, Plaintiff IVANOV is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**
**SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT IN**
**VIOLATION OF THE NYSHLR. EXEC. L. 296, *et seq.***
**(Brought against Defendant MICHAEL CETTA, INC.)**

76. Plaintiff repeats and incorporate by reference the allegations stated above as if they were set forth in full herein.

77. In violation of NYSHRL, Defendant discriminated against Plaintiff on the basis of sex by subjecting him to a hostile work environment that was severe or pervasive enough to affect the terms and conditions of his employment.

78. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described above.

79. As a result of the discrimination perpetrated and maintained by Defendant and to Plaintiff and its failure to protect the Plaintiff from discrimination, Plaintiff suffered emotional distress.

80. Defendant violated the NYSHRL by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failing to act of the employees of Defendant as described above.

81. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

### EIGHTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
### (Brought against Defendant MICHAEL CETTA, INC.)

82. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

83. Defendant discriminated against Plaintiff in violation of the New York State Human Rights Law by denying him equal terms and conditions of employment, including but not limited, taking advantage of Plaintiff, because of his sexual orientation.

84. Defendant discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment and discrimination of Plaintiff because of his sexual orientation.

85. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to

suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

86. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

### NINTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### RELIGIOUS DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Brought against Defendant MICHAEL CETTA, INC.)

87. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

88. Plaintiff is a non-Islamic homosexual male.

89. Upon learning and observing that Plaintiff was not practicing Islam, the Defendant MICHAEL CETTA, INC. subjected him to harsh and discriminatory working conditions

90. Plaintiff alleges that Defendant MICHAEL CETTA, INC. through its agents engaged in a pattern and practice of discrimination against him during his employment on the basis of his religion with respect to the terms, conditions and privileges of his employment in violation of Title VII.

91. As part of its pattern and practice of employment discrimination, Defendant MICHAEL CETTA, INC. through its agents subjected Plaintiff to religious discrimination and failed to take corrective action.

92. Defendant MICHAEL CETTA, INC. knew or should have known about the religious discrimination in the workplace.

93. Defendant MICHAEL CETTA, INC. failed and refused to take appropriate action to end the religious discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

94. This disparate treatment was motivated by the fact that Plaintiff's status as a non-Islamic employee.

95. Religion is not an occupational qualification for Plaintiff's job with Defendant.

96. For the reasons set forth in this Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

97. Defendant MICHAEL CETTA, INC.'s actions were motivated by malice and reckless disregard for Plaintiff's rights under the law.

98. That as a result of the discriminatory acts of Defendant MICHAEL CETTA, INC. through its agents, Plaintiff suffered emotional distress.

99. Defendant MICHAEL CETTA, INC.'s discrimination against Plaintiff IVANOV was committed with reckless and callous disregard of his Title VII right to a workplace free from discrimination based on sex.

100. As a result of Defendant MICHAEL CETTA, INC.'s unlawful conduct, Plaintiff IVANOV is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**TENTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
RELIGIOUS DISCRIMINATION AND HARASSMENT
IN VIOLATION OF NYC ADMIN. COD. § 8-107
(Brought against Defendant MICHAEL CETTA, INC.)**

101.  Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

102.  Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code § 8-107, in that Defendant discriminated against Plaintiff on the basis of religion by treating him differently than other Islamic male employees and by subjecting him to a hostile work environment because of his religion.

103.  The Defendant's discrimination against Plaintiff was committed with reckless and callous disregard of his right to a workplace free from discrimination based on religion.

104.  As a result of the Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**-continued on the next page-**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays and respectfully requests that the Court enter judgment in his favor and against Defendant, containing the following:

a. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the City and State of New York;

b. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

c. Order Defendant to make whole Plaintiff YAVOR IVANOV, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d. Order Defendant to make whole Plaintiff YAVOR IVANOV, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

e. Order Defendant to make whole Plaintiff YAVOR IVANOV, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

f. Order Defendant to pay Plaintiff YAVOR IVANOV, punitive damages for its malicious and reckless conduct described above;

g. Awarding Plaintiff reasonable costs and disbursement of this action, including his reasonable attorneys' fees; and

h. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 12, 2019
      New York, New York

                        Respectfully submitted,

                        MARK DAVID SHIRIAN P.C.

By: _____
      Mark D. Shirian, Esq.
228 East 45th Street, Suite 1700B
New York, NY 10017
Telephone: (516) 417-0201
Facsimile: (212) 898-0163
Email: mshirian@shirianpc.com
COUNSEL FOR PLAINTIFF